UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO INDEMNITY COMPANY, GEICO GENERAL
INSURANCE COMPANY, and GEICO CASUALTY
COMPANY,

                             Plaintiffs,

   -against-


GARY GRODY aka LANCE GRODY, YURIY
ZAYONTS, IRINA ZAYONTS, LILIA ISHVAN
aka LILIAN ISHVAN,[1] AVL CAPITAL LLC,
AKIVA OFSHTEIN, P.C., and JOHN DOE
DEFENDANTS 1 THROUGH 10,

                           Defendants.
---------------------------------------X

**MEMORANDUM AND ORDER**
22-cv-6187 (KAM)(PK)

**MATSUMOTO, United States District Judge:**

    On October 13, 2022, Plaintiffs Government Employees

Insurance Company, GEICO Indemnity Company, GEICO General

Insurance Company, and GEICO Casualty Company (collectively,

"GEICO" or "Plaintiffs") brought the instant action against Gary

Grody aka Lance Grody ("Grody"), Yuriy Zayonts ("Yuriy"), Irina

Zayonts ("Irina"), Lilia Ishvan aka Lilian Ishvan ("Ishvan"),

AVL Capital LLC ("AVL"), Akiva Ofshtein ("Ofshtein"), Law

Offices of Akiva Ofshtein, P.C. ("Ofshtein P.C."), and John Doe

---
[1] Magistrate Judge Kuo notes at footnote 1 of her Report and Recommendation
that Defendant Ishvan claims her correct first name is Lilia, not Lilian.
(ECF No. 69, Report and Recommendation) (citing ECF Nos. 38-1, Declaration of
Lilia Ishvan; 38-9, Defendants' Memorandum of Law in Opposition to
Plaintiff's Motion for Pre-Judgment Attachment.)  The Court amends the
caption to note that Ms. Ishvan's name is Lilia Ishvan aka Lilian Ishvan.

Defendants 1 through 10 (collectively, the "Original Defendants").  In their Complaint, Plaintiffs assert that the Original Defendants perpetrated an insurance fraud scheme whereby they fraudulently billed GEICO, and misappropriated the identity of a physician, Dr. Olubusola Brimmo ("Dr. Brimmo"), in order to fraudulently bill and collect payments from Plaintiffs for medical services purportedly provided by Dr. Brimmo to no-fault automobile accident victims.  (Compl. ¶¶ 1-2.) Plaintiffs' Complaint alleges common law fraud, unjust enrichment, conspiracy to commit fraud, aiding and abetting fraud, and negligent misrepresentation, and seeks compensatory damages, punitive damages, interest, and costs.  (Compl. at 58.)  On September 13, 2023, Plaintiffs and Defendants Ofshtein and Ofshtein P.C. stipulated to dismissal of all claims against Ofshtein and Ofshtein P.C.

On January 27, 2023, Plaintiff moved for a writ of pre-judgment attachment of the property of Defendant Ishvan and Defendant AVL (together, the "Ishvan Defendants") up to the amount of $576,040.41, as well as an order directing disclosure of AVL's and Ishvan's assets, in order to facilitate the attachment. *See* (ECF No. 37.)  By order dated April 6, 2023, the Court referred Plaintiffs' motion to Magistrate Judge Peggy Kuo for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b).

Presently before the Court is the comprehensive and well-reasoned Report and Recommendation issued on July 24, 2023 by Magistrate Judge Kuo, recommending that this Court issue an order of pre-judgment attachment in an amount up to $576,040.41, against Defendant Ishvan, and directing the disclosure of all assets in which Defendant Ishvan has any interests. *See* (ECF No. 69, the "R&R".)  The R&R further recommends that the Court direct Plaintiffs to post an undertaking in the amount of $5,000 pursuant to C.P.L.R. § 6212(b) within fourteen (14) days of the date of this Order.  (R&R at 15.)  As to Defendant AVL, the R&R recommends denial of Plaintiffs' motion for a writ of pre-judgment attachment.  (*Id*.)  Also before the Court are Defendants' timely objections to the R&R (ECF No. 78, "Def. Obj.") and Plaintiff's response to Defendant's objections.  (ECF No. 81, "Ptf. Resp.")

For the reasons articulated below, upon *de novo* review, the Court respectfully overrules Defendants' objections and adopts Magistrate Judge Kuo's legally and factually supported R&R in its entirety.  Accordingly, Plaintiffs' motion for a writ of pre-judgment attachment up to $576,040.41, is granted as against Defendant Ishvan, who is ordered to disclose all assets in which she has an interest, and is denied against Defendant AVL. Plaintiffs shall post a $5,000 undertaking pursuant to C.P.L.R.

§ 6212(b) within fourteen (14) days of this Memorandum and Order.

## BACKGROUND

The Court assumes the parties' familiarity with the extensive facts thoroughly recounted in the R&R.  *See* (R&R at 2–4.)  The Court has reviewed the facts *de novo* and adapts the facts described therein.

## LEGAL STANDARD

A District Court reviewing the report and recommendations of a Magistrate Judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate [Judge] with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  "A party may serve and file specific written objections to" an R&R, which will prompt "the district judge [to] determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting Fed. R. Civ. P. 72(b)(3)).  The portions of the R&R that are not properly objected to by any party are reviewed for "clear error on the face of the record."  *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (internal quotation marks and citations omitted).

Even on *de novo* review, however, the Court "will ordinarily refuse to consider arguments, case law, and/or evidentiary

4

material which could have been, but [were] not, presented to the Magistrate Judge in the first instance." *Haynes v. Quality Markets*, No. 02-cv-0250, 2003 WL 23610575, at *3 (E.D.N.Y. Sep. 22, 2003). If the Court finds that a party's objections are "frivolous, conclusory[,] general" in nature, or if the objections "simply reiterate[]" previously stated arguments, the Court will review the R&R "only for clear error." *Velez v. DNF Assocs., LLC*, No. 19-cv-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (internal citations omitted); *see also Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (where objections to an R&R are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review [the R&R] for clear error") (internal citations omitted).

The Court finds that Defendants' objections largely regurgitate previously articulated arguments, which triggers the Court's review of the R&R for clear error. *See Barratt v. Joie*, No. 96-cv-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (objections that are "conclusory or general objections, or simply reiterate[] [the objecting party's] original arguments" require only clear error review.) Nevertheless, because attachment is "a harsh remedy," *Musket Corp. v. PDVSA Petroleo,*

*S.A.*, 512 F. Supp. 2d 155, 160 (S.D.N.Y. 2007) (internal citations omitted), the Court applies *de novo* review.

### DISCUSSION

In her meticulously reasoned R&R, Magistrate Judge Kuo found that, pursuant to Fed. R. Civ. P. 64, which provides for seizure of "a person or property to secure satisfaction of [a] potential judgment[,]" Plaintiffs sufficiently established that "(1) there is a cause of action for money judgment, (2) it is probable that the claim will succeed on the merits, (3) grounds for attachment under C.P.L.R. § 6201 exist, [] (4) the amount demanded exceeds all counterclaims known to Plaintiffs" and that, based on Defendants' "financial position or past and present conduct, [there exists] a real risk of enforcement of a future judgment."  (R&R at 4-5) (citing C.P.L.R. § 6212(a); *Plaintiff Funding Holding, Inc. v. Carrera*, No. 17-cv-0257, 2017 WL 7411183, at *3 (S.D.N.Y. Feb. 6, 2017)).

Defendants object to the R&R insofar as Magistrate Judge Kuo recommends that Plaintiff's motion for a writ of pre-judgment attachment be granted as to Defendant Ishvan.  (Def. Obj. at 2.)  Specifically, Defendants challenge Magistrate Judge Kuo's findings that (1) it is probable that Plaintiffs' claim will succeed on the merits and that (2) there exists a real risk of enforcement of a future judgment against Defendant Ishvan because she lacks sufficient assets or will choose to hide or

6

dispose of assets, given that she moved assets to satisfy a lien
shortly after this litigation commenced.  (R&R at 11-14);(Def.
Obj. at 4-7.)  Defendants also argue that they should be
permitted to submit additional evidence, though they do not
articulate what additional evidence they wish to submit or
explain why the evidence was not presented during briefing of
the motion.  (Def. Obj. at 3.)  Finally, Defendants assert that
pursuant to the "doctrine of unclean hands," the Court should
reject the declaration of Dr. Brimmo.  (Def. Obj. at 8.)
Neither party objects to the R&R's conclusion that Plaintiffs'
motion should be denied as to Defendant AVL.

## I.   Defendants' Request to Submit Additional Evidence

Defendants first state that, pursuant to Fed. R. Civ. P.
72(b) and 28 U.S.C. § 636(b)(1), the Court may receive
additional evidence to supplement the record.  Defendants do
not, however, identify any additional evidence that they seek to
submit, or that they contend would augment the Court's review.
Nor do they explain why the proposed evidence was not presented
during their briefing on Plaintiff's motion.  Objections to an
R&R, including an assertion that the Magistrate Judge's
reasoning is based on insufficient evidence, must "pinpoint
specific portions of the [R&R] to which they object."  *In re
GEICO Customer Data Breach Litigation*, No. 21-cv-2210, 2023 WL
5524105, at *2 (E.D.N.Y. Aug. 28, 2023) (internal citations

omitted).  To the extent Defendants' assertion constitutes a generalized objection to the Court's authority to make factual determinations under C.P.L.R. § 6212(a) based on the evidentiary record, their objection is overruled.  As discussed below, Magistrate Judge Kuo's reasoning in the R&R is based on sufficient evidence to support an order issuing a writ of pre-judgment attachment.  Because Defendants fail to specify what further evidence they seek to submit, and because this Court finds, on *de novo* review, that the factual findings in the R&R are based on sufficient evidence, we decline Defendants' generalized request to further supplement the record.

## II.  Defendants' Objections Regarding the Probability of Plaintiffs' Success on the Merits

Defendants claim that "[w]ith limited discovery and no depositions, it is improper for the Court to determine" that "it is more likely than not that Ishvan and AVL made a material false representation by billing fabricated insurance claims." (Def. Obj. at 4) (quoting R&R at 6.)  Specifically, Defendants assert that Magistrate Judge Kuo is not "a handwriting expert" and that the record contains "contradictory Declarations" with respect to Plaintiffs' allegation that Dr. Brimmo's signature on the relevant documents was forged by Defendants to facilitate the fraudulent misappropriation and use of Dr. Brimmo's identity.  (Def. Obj. at 4-5.)  Defendants also take issue with

8

Magistrate Judge Kuo's observation that "Ishvan and AVL do not explain the purpose of payments [made to various entities] or why [such payments] were issued to an entity owned by [Defendant Yuriy] rather than directly to [Dr. Brimmo]."  (R&R at 10.) Defendants claim this statement is inconsistent with their explanation in Ishvan's declaration that the payments in question were made at the direction of Dr. Brimmo.  (ECF No. 38-1, "Ishvan Decl." ¶ 36); (Def. Obj. at 6.)  Defendants' assertions reflect a misunderstanding of the relevant evidentiary standards.

The Court's assessment of the merits of a motion for pre-judgment attachment does not require depositions, nor does it require a fully developed record.  Indeed, such a requirement that discovery be substantially completed or closed would defeat the purpose of a pre-judgment attachment.  Magistrate Judge Kuo reviewed and relied on the affidavits, declarations, and dozens of accompanying exhibits provided by both parties in assessing Plaintiffs' motion.  On *de novo* review, this Court agrees that there is sufficient evidence to support an order issuing a writ of pre-judgment attachment.  *See DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009) ("[t]o show a probability of success on the merits, the moving party must demonstrate by *affidavit* that it is more likely than not that it will succeed on its claims") (emphasis added);

9

*Thornapple Associates, Inc. v. Sahagen*, No. 06-cv-6412, 2007 WL
747861, *4 (S.D.N.Y. Mar. 12, 2007) (Plaintiffs' submissions
"comprising [of] affidavits [from relevant witnesses], as well
as ample documentary evidence" were sufficient to "indicate that
it is more likely than not that [Plaintiffs] will prevail on the
merits[.]")

### A. Defendants' Objection to the R&R's Conclusions Regarding the Validity of Dr. Brimmo's Signatures

Magistrate Judge Kuo need not be "a handwriting expert" to
determine that it is more likely than not that Dr. Brimmo's
signature on the documents in question was forged. *See Leser v.
U.S. Bank Nat. Ass'n*, No. 09-cv-2362, 2012 WL 4472025, at *7
(E.D.N.Y. Sep. 25, 2012) (a court may find, "upon a showing of
clear and convincing evidence," that a document bearing "the
acknowledgment of a notary public" is invalid "under New Yok
law") (internal citations omitted).  Dr. Brimmo states, by sworn
affidavit, that he did not sign the Tax ID Letter, (ECF No. 38-
3) Letter of Representation, (ECF No. 38-6) or Closing Letter
(ECF No. 38-7) that facilitated Defendants' submission of the
fraudulent insurance claims.  (ECF No. 40-2, "Dr. Brimmo Aff."
¶¶ 4, 7-8.)  Dr. Brimmo further attested that he was in Missouri
on the dates that the three documents were allegedly signed in
Brooklyn, New York, and submitted evidence of his flight from

New York to Missouri the evening before the date of the alleged signatures.  (Dr. Brimmo Aff. ¶ 4, at 7.)

Defendants argue that "the Notary Public [who notarized the Tax ID Letter, Letter of Representation, and Closing Letter] witnessed Brimmo signing the document and swore that Brimmo was before her when she notarized the document."  (Def. Obj. at 4.) The individual who notarized all three documents, Nadezhda Ozerskaya, conceded that she has no "specific recollection of notarizing [the] document[s]" and does not maintain a notary log.  (ECF No. 58-1, "Ozerskaya Aff." ¶¶ 6-7, 9.)  Although notarized documents are generally accorded a presumption of authenticity even where the notary does not maintain a specific recollection of the notarization, that presumption is rebutted where the purported signatory submits a sworn statement denying having ever signed the notarized documents, and proffers evidence corroborating his assertion that he was not in the relevant location at the time of the alleged notarization.  *See Orix Financial Services v. Phipps*, No. 91-cv-2523, 2009 WL 30263, at *6 (S.D.N.Y. Jan. 6, 2009) ("defendant sufficiently rebutted the presumption of authenticity [of the notarized signature] when he presented original receipts proving that he was abroad at the time when he allegedly signed the" document in question) (internal citations omitted).

Magistrate Judge Kuo's conclusion that the documents were likely forged is not based solely on her review of the signatures.  Rather, her conclusion is based on her assessment of the totality of circumstances underlying the alleged signatures of Dr. Brimmo, including a sworn affidavit from Dr. Brimmo denying the validity of the alleged signatures, evidence that he was not in the relevant location at the time the alleged signatures were notarized, and a close inspection of the "uncannily identical" features of the forged signatures as compared to the signature on a January 18, 2022 document that Dr. Brimmo stated he provided to Defendant Grody.  (R&R at 8.) Defendants' assertion that purportedly "contradictory Declarations" create an issue of fact that this Court cannot resolve without the testimony of a handwriting expert is misguided.  Even setting aside a close inspection of the allegedly forged documents, this Court finds, on *de novo* review, based on Dr. Brimmo's sworn statement, evidence of Dr. Brimmo's travel to Missouri, and Notary Ozerskaya's testimony denying any specific memory of the signatures, that Plaintiffs have proffered clear and convincing evidence to rebut the presumption of authenticity that would otherwise be accorded to Dr. Brimmo's notarized signatures.  Accordingly, the Court finds that Plaintiffs have established that it is more likely than not that Dr. Brimmo did not sign the documents in question.

**B. Defendants' Contention that Payments Made to Various Entities were Made at the Direction of Dr. Brimmo**

The R&R concludes that it is "more likely than not that Ishvan and AVL made material false representations to Plaintiffs in their billing submissions claiming to represent Brimmo" and that "it is more likely than not that Ishvan and AVL made these representations with [the] intent to defraud Plaintiffs." (R&R at 9.)  In support of this conclusion, Magistrate Judge Kuo points, *inter alia*, to Defendant Irina's email to Defendant Grody wherein she states that "[w]e need a new doctor . . . [w]e need w9, driver license, voided check.  I sent out 300 files yesterday, can't fund, unless we cha[r]ge a doctor[,]" (ECF No. 37-10 at 2) and the fact that Defendants issued "a series of [] payments to [various third party entities] with the name 'Brimmo' in the memo line."  (R&R at 10.)  The R&R further states that "Ishvan and AVL do not explain the purpose of these payments or why they were issued to an entity owned by [Defendant Yuri] rather than directly to Brimmo."  (R&R at 10.)

Defendants state that Magistrate Judge Kuo's assertion that "Ishvan and AVL do not explain the purpose of payments to various entities or why they were issued to an entity owned by" Defendant Yuriy is inconsistent with their explanation that "Defendants were merely following Brimmo's own directives." (Def. Obj. at 6.)  Defendants point to the Closing Letter as

13

evidence that Dr. Brimmo "agreed [with] and acknowledge[d] his distribution directive with AVL," (Ishvan Decl. ¶ 6) but, as set forth above, this Court agrees with Magistrate Judge Kuo's conclusion that Dr. Brimmo's signature on this document is likely to have been forged.  Moreover, the Closing Letter does not explain or even reference the entities that received payments, allegedly at Dr Bimmo's directive.  Defendants point to no other evidence in support of their claim that they were "merely following Brimmo's own directives."  (Def. Obj. at 6.) Accordingly, the Court overrules this objection.  *See Williams v. Phillips*, No. 02-cv-5882, 2005 WL 1072711, at *1 (E.D.N.Y. Apr. 29, 2005) (adopting R&R where Petitioner's allegations where "based on his own conclusions and not supported by evidence" and where he "[did] not present additional evidence in his objections.")

### III. Defendants' Objections Regarding the Risk of Enforcement of Future Judgment

The R&R found that Plaintiffs' adequately established that there exists a real risk of enforcement of a future judgment because Ishvan and AVL are in a tenuous financial position and because their actions suggest they will hide assets to evade satisfaction of a future judgment.  (R&R at 13.)  The R&R notes that in 2022, after a litigation meeting between counsel regarding the alleged insurance fraud scheme, Ishvan paid past

due federal tax liens that were recorded against her real
properties in 2018 and 2019.  Ishvan attributes the delay
between the recording and payment of the tax liens, and the fact
that the payments coincide with the Plaintiffs' commencement of
this litigation, to an accounting error by tax authorities.
(R&R at 13-14.)  As Magistrate Judge Kuo notes, however,
Ishvan's explanation is not supported by any evidence of an
accounting error.  (R&R at 13-14.)  Defendants take issue with
Magistrate Judge Kuo's assertion that Ishvan failed to provide
proof of the accounting error on the grounds that Plaintiffs
bear the burden of demonstrating that any disposition of
property was effectuated with the goal of evading satisfaction
of a potential judgment and with an intent to defraud.  (Def.
Obj. at 7.)  This objection misunderstands the R&R and the
relevant legal standard.

Magistrate Judge Kuo properly found that "Plaintiffs have
demonstrated that AVL and Ishvan have limited assets and may
have lost expected income as a result of Brimmo's waiver of
claims."  (R&R at 14.)  The R&R explains that Ishvan owns two
real properties, both of which are encumbered by mortgages, and
that Dr. Brimmo "waived and released all outstanding insurance
claims" such that Defendants are "unable to collect on any
pending or additional payments."  (R&R at 13.)  Based on

Ishvan's limited assets and the loss of expected income, the R&R found, and this Court agrees, on *de novo* review, that Plaintiffs have shown "defendant's financial position . . . poses a real risk of the enforcement of a future judgment." *Plaintiff Funding Holding,* 2017 WL 7411183, at *3 (internal citations omitted).  Magistrate Judge Kuo further concluded that Defendant Ishvan would seek to frustrate a judgment after finding that "it is more likely than not that AVL and Ishvan committed fraud against Plaintiffs" in connection with the alleged insurance fraud scheme at issue in this action, that Ishvan and AVL have limited assets and lost expected income due to Dr. Brimmo's waiver of approximately $1 million in claims, and that "Ishvan's [movement of] funds to satisfy an out-of-state lien shortly after litigation commenced" presents "a real risk" to enforcement of a judgment, thus justifying attachment.  (R&R at 14.)  While each of these factors alone may not be sufficient to prove an intent to defraud, "when all or most of these factors are present in combination, [the] Court [is satisfied] that proof exists of an intent to defraud creditors or frustrate the enforcement of a judgment."  *See Bank of Leumi Trust Co. of New York v. Istim, Inc.*, 892 F. Supp. 478, 485–86 (S.D.N.Y. 1995).

Having determined that Plaintiffs met their burden of demonstrating that Defendants' "financial position or past and

16

present conduct[] pose[] a real risk of the enforcement of a future judgment[,]" *Plaintiff Funding Holding,* 2017 WL 7411183, at *3 (internal citations omitted), Magistrate Judge Kuo considered Defendant's response.  Specifically, Magistrate Judge Kuo considered the assertion that Ishvan's transfer of funds was the result of an accounting error.  Magistrate Judge Kuo determined that because this assertion was not corroborated by any evidence, the unsupported statement alone was insufficient to refute Plaintiffs' showing.  Magistrate Judge Kuo did not shift the burden of proof to Defendants.  She found that Plaintiffs met their burden of proof and Defendants failed to offer an adequate response.

## IV.  Defendants' Theory of Unclean Hands

Finally, Defendants assert a theory of unclean hands for the first time in their objections, allegedly on the part of Dr. Brimmo, not Plaintiffs, and which they acknowledge is traditionally applied to equitable remedies, Defendants assert that Dr. Brimmo's "involvement in [the] fraudulent scheme, renders his declaration insufficient as grounds upon which to grant a pre-judgment order of attachment."  (Def. Obj. at 8.) The R&R, however, is not based solely on the affidavit of Dr. Brimmo.  As discussed above, there is substantial evidence in the record, including affidavits and declarations from several witnesses and ample documentary evidence that supports the

reasoning, findings, and conclusions set forth in the R&R.
Furthermore, the Court declines Defendants' invitation to
consider a novel application of the doctrine of unclean hands to
discredit the affidavit of a non-party. *Haynes*, 2003 WL
23610575, at *3 (the Court "will ordinarily refuse to consider
arguments, case law and/or evidentiary material which could have
been, but [were] not, presented to the Magistrate Judge in the
first instance") (internal citations omitted).

## CONCLUSION

Upon *de novo* review of the portions of the R&R to which
Defendants object and the record in this case, the Court
respectfully overrules Defendants' objections.  With respect to
the remaining portions of the R&R, to which neither party has
objected, the Court finds no clear error.

For the foregoing reasons, the Court agrees with and adopts
the R&R's meticulously analyzed and well-reasoned
recommendations.  Accordingly, the Court (1) grants Plaintiffs'
motion for an order of pre-judgment attachment as to Ishvan; (2)
denies Plaintiffs' motion for pre-judgment attachment as to AVL;
(3) orders Ishvan to disclose the identity of all real property,
bank accounts, brokerage accounts, accounts receivable, cash,
stocks, bonds, motor vehicles, and boats in which she has any
interest, as well as any debts owed to her within seven (7) days

of this Order; and (4) directs Plaintiffs to post an undertaking in the amount of $5,000 pursuant to C.P.L.R. § 6212(b) within fourteen days of this order.

The Court thanks Magistrate Judge Kuo for her excellent R&R and respectfully requests that a settlement conference and all other pre-trial proceedings be conducted by Magistrate Judge Kuo.  The parties are encouraged to consider consenting to the jurisdiction of Magistrate Judge Kuo for all purposes.

**SO ORDERED.**

Dated: September 28, 2023
       Brooklyn, New York

                                   _____
                                   KIYO A. MATSUMOTO
                                   United States District Judge
                                   Eastern District of New York